**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

MIGUEL ANGEL CHAVEZ RAMOS,

    Petitioner,

    v.

JEFFREY CRAWFORD, *et al.,*

    Respondents.

Case No. 2:26-cv-602

## ORDER

Petitioner Miguel Angel Chavez Ramos seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting immediate release from immigration custody or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a). ECF No. 1 at 9. Before the Court is an unopposed Report and Recommendation, in which the Honorable Lawrence R. Leonard, United States Magistrate Judge, concluded that the petition should be granted in part, and the petitioner should be released from custody. ECF No. 17.

Judge Leonard advised the parties of their rights to object to his findings and recommendations and explained that failure to timely object would result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. ECF No. 17 at 10 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F. 2d 91 (4th Cir. 1984)). The time to file an objection has expired, and neither party objected to the Report and Recommendation.

In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendations without conducting a *de novo* review, unless the recommendations are clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(b)(2); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted); *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

The Court has reviewed Judge Leonard's findings and recommendations and found no clear error. Accordingly, the report and recommendation (ECF No. 17) is **ADOPTED.**

Petitioner Miguel Angel Chavez Ramos's request for a writ of habeas corpus (ECF No. 1) is **GRANTED IN PART** and **DENIED IN PART AS MOOT**.

On or before August 13, 2026, the respondents **SHALL** release the petitioner from custody with all his personal property subject to the conditions of their existing parole, except for any time limitation periods (if applicable).

Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them, are **ENJOINED** from rearresting the petitioner unless (1) he commits a violation of any federal, state, or local law; (2) he fails to comply with the conditions of parole, except for the one-year limitation; or (3) his parole has been lawfully revoked in a manner consistent with 8 C.F.R. § 212.5(e).

The respondents **SHALL** file a status report with this Court not later than August 14, 2026, confirming that he has been released from custody and specifying the date, time, and location of his release.

The respondents are **ENJOINED** from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2).[1]

The Clerk is **DIRECTED** to send a copy of this Order to the petitioner.

**IT IS SO ORDERED**.

/s/ _____

Jamar K. Walker
United States District Judge

Norfolk, Virginia
August 12, 2026

---

[1] Courts in this district have found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." *Hasan v. Crawford*, 800 F. Supp. 3d 641, 661 (E.D. Va. 2025).

3